# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAMERON MCKEVITT, | ) | 8:15CV237 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| HALL COUNTY DEPARTMENT OF CORRECTIONS, HALL COUNTY, SARGENT CONLEY, OFFICER CONKLIN, DIRECTOR OF HALL COUNTY DEPARTMENT OF CORRECTIONS, ASSISTANT DIRECTOR OF HALL COUNTY DEPARTMENT OF CORRECTIONS, and NURSE STAFF, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on initial review of Cameron McKevitt's Complaint (Filing No. 1). For the reasons discussed below, the Court finds that McKevitt's Complaint does not sufficiently allege a claim that jail officers used excessive force against him in violation of the Fourteenth Amendment's Due Process Clause. On the Court's own motion, he will be provided an opportunity to file an amended complaint.

## I. SUMMARY OF COMPLAINT

McKevitt brings this action under 42 U.S.C. § 1983, against Hall County, Nebraska, and staff of the Hall County Department of Corrections, which operates a jail in Grand Island, Nebraska. McKevitt alleges jail staff used excessive force against him during "the first part" of 2014.

McKevitt alleged, on the day in question, Defendant Sargent Conley ("Conley") "told people to sit down" after the jail's emergency sprinklers were activated. McKevitt claims

he did not know Conley's order was directed at him.  Thereafter, Conley and another officer placed McKevitt in "the chair/physical restraints."  (Filing No. 1 at ECF 2.)

While McKevitt was in the restraint chair, he told a nurse that his handcuffs were too tight.  The nurse told Defendant Officer Conklin ("Conklin"), who said McKevitt "would be fine."  McKevitt claims his hand was purple and numb when he was released from the restraint chair.  Later, a hand specialist advised McKevitt that he suffers from permanent nerve damage.  (Filing No. 1 at ECF 3.)

## II.  STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal citations and quotation marks omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

The Court must consider whether McKevitt has sufficiently alleged a claim that jail officers used excessive force against him in violation of the Fourteenth Amendment's Due Process Clause.[1] Specifically, the Court asks whether McKevitt has alleged facts showing that jail officers' use of force was objectively unreasonable. The Supreme Court recently explained that:

---

[1] McKevitt's allegations do not reveal whether he was a pretrial detainee or a convicted prisoner at the time the alleged incidents occurred. For the purposes of this order only, the Court assumes without deciding that McKevitt was a pretrial detainee. McKevitt should specify in his amended complaint whether he was a pretrial detainee or a convicted prisoner at the time the alleged incidents occurred.

3

> [In an excessive-force case,] a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable. . . . A court (judge or jury) cannot apply this standard mechanically. Rather, objective reasonableness turns on the facts and circumstances of each particular case. A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. A court must also account for the legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in th[e] judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security.

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (internal citations and quotation marks omitted).

Upon careful review of McKevitt's allegations, the Court concludes they are not sufficient to state a claim for relief. At the time the incidents of which McKevitt complains occurred, jail officials were responding to an activated sprinkler within the jail. He alleged that prior to being placed in the restraint chair, Conley instructed inmates to sit down. McKevitt's allegations suggest he did not sit down in response to this command because he claims "he did not know [Conley] was taking [sic] to [him]." (Filing No. 1 at ECF 2.) The Court can infer from these allegations that McKevitt did not obey a command during a time of upheaval within the jail and this resulted in his being placed in a restraint chair. McKevitt did not allege he was kept in restraints for an excessive length of time or that jail officers purposefully tightened the restraints in an effort to hurt him or punish him. In short, McKevitt's allegations do not suggest the officers' actions were objectively unreasonable.

McKevitt also alleges his "cuffs were to [sic] tight" and he "told the nurse," who informed Conklin, but they did not loosen them. As a result, he suffers from permanent nerve damage. McKevitt provided no other allegations. He did not explain what he told

4

the nurse or offer any other facts from which the Court could infer that the nurse and Conklin acted unreasonably when they failed to loosen his handcuffs. Again, McKevitt's allegations do not suggest the nurse or Conklin's actions were objectively unreasonable.

On the Court's own motion, McKevitt will be given 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Accordingly,

IT IS ORDERED:

1. McKevitt's Complaint (Filing No 1) fails to state an excessive-force claim upon which relief may be granted. McKevitt will have 30 days in which to file an amended complaint. Failure to file an amended complaint will result in the Court dismissing this action without further notice to McKevitt. To avoid confusion, any document McKevitt sends to the clerk of the court for filing in this case must clearly display the case number. McKevitt is encouraged to use the court-approved form to draft his amended complaint, which the clerk of the court will provide to him.

2. The clerk of the court is directed to set the following pro se case management deadline: March 1, 2016: check for amended complaint.

3. The clerk of the court is directed to send to McKevitt a blank civil complaint form.

DATED this 29th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge